IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


**KEN PHILLIP WILLIAMS**                                                          **PETITIONER**

v.                                                                                   **No. 3:95CR27-B**

**UNITED STATES OF AMERICA**                                        **RESPONDENT**

### MEMORANDUM OPINION

This matter comes before the court on the November 29, 2002, petition of Ken Phillip Williams for a writ of *habeas corpus* under 28 U.S.C. § 2255. The government responded to the petition October 3, 2005. The petitioner has not submitted a reply, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

### Facts and Procedural Posture

The petitioner was indicted on a one-count Indictment on February 23, 1995, charging possession of a sawed-off shotgun which was not registered pursuant to law in violation of Title 25, United States Code, Section 5861(d) and 5871. The petitioner had kidnapped two people and forced them to drive him to the home of New Albany, Mississippi, Police Chief David Grisham. Then the petitioner, using the sawed-off shotgun, attempted to force Chief Grisham into his patrol car, threatening to kill him if he did not comply with the the petitioner's demands. The petitioner also threatened to enter Chief Grisham's house and "get" the Chief's wife. Chief Grisham was able to take the sawed-off shotgun away from the petitioner, subdue him, and place him under arrest. (PSI, 3-5)

At the time of his indictment, the petitioner was in state custody on charges of attempted kidnapping of the two people he abducted to provide transportation to Chief Grisham's home. The petitioner entered a plea of guilty on September 7, 1995, and was sentenced on December 19, 1995, to a period of incarceration of 120 months. He was returned to state custody to serve his sentence on state charges, and a federal detainer was placed on the petitioner with the Mississippi Department of Corrections. The petitioner was paroled to federal custody July 17, 2001, to begin serving his federal sentence. The petitioner did not appeal his conviction or sentence.

In his federal petition for a writ of *habeas corpus*, the petitioner claims that his counsel was ineffective for failing to object to his guideline sentence calculations and that certain guideline amendments entitle him to a sentence modification.

**Discussion**

The petitioner's claims are barred by the one-year statute of limitations in 28 U.S.C. § 2255:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the constitutional laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on a collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due

diligence.

The petitioner was sentenced on December 19, 1995; he did not appeal his conviction or sentence. Thus, the statutory deadline for the petitioner to file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2255 was one year from April 24, 1996, the effective date of the Anti-Terrorism and Effective Death Penalty Act amendment to Section 2255. The petitioner's federal *habeas corpus* deadline expired April 24, 1997. He filed the instant petition on November 29, 2002 – five years, seven months, and five days after the deadline expired. The petitioner has not set forth any allegations or proof that would warrant tolling of the one-year limitations period. As such, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2255. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 27th day of March, 2006.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE